of America, and I would like to see 15 minutes of silence for the camera, please come up. May it please the court, counsel, if I could reserve three minutes for rebuttal. I'm Jim Earhart and I represent Mr. Hammadi in this case. The issue which is before the court is whether or not the life sentence imposed in this case by the district court was procedurally or substantively reasonable. It really boils down to an issue of whether or not the Sixth Circuit is willing to recognize sentencing entrapment or manipulation as a defense to sentencing in these particular types of cases and what standard the district court is to apply if the court is to apply sentencing entrapment or manipulation. In this particular case, the procedural issue is whether or not the district court started with the correct advisory guideline range. We suggest that by adding the 15-level enhancement for use of the rocket, what would be referred to as the Stinger missile in this case, the district court did not begin with the correct advisory guideline range. Here the district court should have rejected the 15-level enhancement for an offense involving destructive device, that is a portable rocket, and a 25-year mandatory minimum sentence under the facts and circumstances of this case. Didn't he plead guilty to a count having to do with the Stinger missile? He did, Your Honor. So why was the district judge supposed to ignore that? The district court is not supposed to ignore that. However, and I saw that argument in the United States Brief, sentencing entrapment is not the same as entrapment as a matter of defense of the substantive crime. And I think it's kind of obvious when you think about it this way, you're never going to reach the issue of sentencing entrapment if you went on the issue of entrapment as a defense of trial. You just never get there. So obviously the person is either going to be convicted of the offense or plead guilty to the offense before you ever consider the issue of sentencing entrapment or manipulation. That's going to be true in every case. I thought that frequently a sentencing entrapment claim has to do with quantity of drugs, that somebody has been involved with selling some drugs, and the defendant claims sentencing entrapment that the government continued the selling well beyond when the government should have stopped the dealing because of the use of an informer or whatever, and that the government is increasing the quantity so as to increase the sentence. So that is the sentencing entrapment. This really seems to be a rather different kind of situation where it was just one sale of this Stinger missile, right? That is a typical example that the court has seen, but it is the identical situation that we have here, whether you call it drugs or whether you call it weapons. In this particular case, we have weapons instead of drugs, and the court just recognized that in the entrapment cases, the government somehow is interjecting. A lot of times I think the cases will say that the government will offer a large quantity for a little price or something like that just to get the sentence up on the sentencing table by a mandatory minimum. Were there many Stinger missiles here, and so it was really continuing the development of the sale of Stinger missiles, or was it just one? It was just one. And he pleaded guilty to it, so he has admitted that he sold the Stinger missile. Just like the drug dealer who pled guilty to distributing drugs. It is different. I am sorry. It is inherently different, isn't it? Because in the drug cases, what we are talking about is the penalty and where the penalty ought to be set. Here you are trying to make an argument with respect to your procedural unreasonableness argument that the district court should have disregarded the offense of conviction, and that is not what is being argued in the drug cases. It is being argued in the drug cases to the extent that it is dismissing them. It is being argued that the penalty should not be here, but rather should be here, but it does not have to do with the offense of conviction. Correct. It has to do with the penalty. That is correct, Your Honor. And isn't really the argument you are making here more stronger or more properly conceived of as really a mitigation argument as opposed to a guideline calculation argument? It is, Your Honor. It is a mitigation argument, and that is what sentencing, entrapment, and manipulation is all about, is mitigation. The problem is that from this particular circuit, it has never been recognized. Well, I understand that. I am not intending to endorse it. I am just saying that if you want to conceptualize what the argument is, isn't it better conceptualized as a mitigation argument? So the district court would be entirely correct to start off at life considering the offense of conviction, but then consider whether there was some government conduct that would warrant adjusting downward. I think that is correct procedurally, Your Honor, and I would agree with that. And the issue here then is what is the standard that the district court is to use to make that determination, and we never got that far. And we never got that far because the Sixth Circuit has never recognized sentencing, entrapment, or manipulation as a mitigating factor to be used by the district court. And I think I cited in my brief there is a split in the circuits as to how sentencing, entrapment would apply or should be applied. Why would we want to reach out and recognize this doctrine in a case like this where there is so much evidence of your client's predisposition, including predisposition with respect to Stinger missiles? Your Honor, I guess we would dispute that there is such overwhelming evidence relative to my client's predisposition. There are recordings of his comments. There are recordings of his comments in response to the confidential informant introducing them and discussing them and presenting them and showing videos of them. Yes, there are. You have to remember, my client— With respect to the Stingers, isn't the conversation something like this? The informant mentioned Stingers, and he says, oh, I've been meaning to bring that up. And here's what my background suggests, that these would be a great idea. I mean, I'm paraphrasing, obviously. And I recognize that your paraphrase is somewhat accurate in terms of the nature of the interaction between the two individuals. However, in this particular case, you have to remember that my individual is a person who has no money, has no weapons, has no customers for the weapons, has no means of transporting the weapons, has no way of obtaining weapons, and basically is what he— He's getting very little out of this, so it's not like he's broadering to obtain money. But it's similar to the drug dealer situation where you have a low-level drug dealer who has no means to obtain multiple kilos, has no means of distributing multiple kilos, has no means of transporting multiple kilos. And all of a sudden, the government furnishes multiple kilos, basically for nothing, and a source to sell them to for nothing. And then you've got this low-level drug dealer who says, there's no way in the world I could have ever been involved in this except for the government sets up both ends of the scheme for him. And that's what we're arguing is the entrapment. My client has no ability to obtain stinger missiles. It's kind of hard to view that drug dealer as a victim of government conduct when his response is basically, man, is this my lucky day? That would probably be the response of a drug dealer who had no means to obtain multiple kilos, and they just come flowing into him, and he's going to get a part of that. He's not quite in that position, but he's in the, gee, that's a great idea position. Which, again, I think, and I understand what you're saying exactly, but I believe that when you look at the individuals involved and you look at their relative ability, and that's where I would suggest that the clarity here for the court to look at sentencing entrapment or manipulation needs to be provided, and that is, are we looking at it subjectively? I think the court's pointing out the exact point here. Are we to look at it not at all? If we do look at sentencing entrapment or manipulation, should we look at it subjectively, or should we look at it objectively? And the court is suggesting a subjective approach. Other courts have suggested that you would look at it as an objective approach, and the objective approach, I think, is more rational in a sentencing entrapment situation than the subjective approach. How does one evaluate predisposition without looking both objectively and subjectively at what the defendant's state of mind was? I think that that is precisely correct in the entrapment situation as a defense to the crime, and that's, I think, where the courts have tried to explain that, obviously, if you have entrapment to commission of the offense itself, then that is a different animal than entrapment. For instance, the drug dealer may have the intent to distribute a half gram of crack cocaine. He may not have the intent to distribute a truckload of cocaine, and that's the difference. He can't defend it. I want to make sure I understand your answer to your first question. So that exact hypothetical, he's got an intent to distribute a little bit but not a truckload, but then he pleads guilty to the intent to distribute a truckload. Correct. He would have to. Okay, no, he doesn't have to do anything. He voluntarily pleads guilty after a Rule 11 colloquy, and he says, I plead guilty to intending to distribute a truckload of cocaine, whatever. You're saying he can still bring an entrapment defense on sentencing? I'm just trying to figure out how that works. I understand. What he's pleading guilty to is an intent to distribute a controlled substance. No, in my hypothetical, it spells it out, a truckload, the highest end. Right, and there are cases. I see exactly what your point is, but my point is if he pleads guilty. Let's make it this case. It's three surface-to-air missiles, and all your view is he just had the intent to sell one or buy one, whatever, and they get him to do three, but you still have a guilty plea that says, I intended to buy three surface-to-air missiles. I don't understand what's left to argue. What's left to argue is the guilty plea is to transporting or intent to distribute weapons, and then by virtue of the fact that the weapon was defined as a Stinger missile. No, my guilty plea spells it all out. I intended to buy three surface-to-air missiles, period. So it just takes off the table arguments about entrapment intent because you just said you plead guilty to buying three of these missiles and intending to do so. So I'm just trying to understand how you could talk about entrapment either for guilt or for sentencing. I just want to change one word if I might. My client never agreed to buy anything. My client had no ability to buy anything. My client agreed to take whatever weapon it was, whether it be a Stinger missile or a nuclear bomb, from that desk to that desk. That's his crime. He didn't acquire one from anyone. Okay, so what's the verb you want to use, transfer? Transfer, that would be fine. Okay, so the guilty plea is I plead guilty to transferring knowingly three surface-to-air missiles from point A to point B. He did because obviously he can't deny that because they showed it to him. There would be nothing to discuss in terms of entrapment, no? I believe that there is something to discuss in terms of entrapment because then what is the penalty for that? And the penalty range is a mandatory minimum of 25 up to life. If the court were to find that, yes, he knew that that was the weapon. I can't dispute the government. They showed it to him. He saw it. There's no question about that. But he didn't obtain it. He didn't acquire it. He didn't buy it. He didn't sell it. But he did see it. So to go to a defense and say he didn't see it and transfer it from that government desk to that government desk is not going to get you anywhere. The issue is that it doesn't matter what they put there. He simply is not a person who is at that level of the game. He is simply a person who is picking it up from there and taking it over there. And I think a court should be able to consider that as sentencing entrapment. Had they put 10 kilos of crack cocaine as opposed to 1 gram, then the court should be able to consider why are there 10 kilos there to a person who has no ability? I'm sorry, I see my time up. If I may just finish that thought. Yes. Why should the court not consider that person's culpability where they have no ability to do 10 kilos of crack cocaine and the only reason they're there is because the government knows it will enhance their sentence? But shouldn't the court not have accepted the guilty plea to count 10 if your theory is a valid theory? I don't think the court, no, because again, sentencing entrapment or manipulation is only going to occur after conviction. It's never going to be addressed without a conviction. But I've been reading the guilty plea colloquy and your client admitted that with respect to count 10, he knowingly conspired with another individual to transfer, receive, and possess two Stinger surface-to-air missile launcher systems. Correct. He did. Thank you. Good morning and may it please the court. I'm Joseph Palmer from the Justice Department. The district court committed no error in declining to reduce the defendant's sentence in this case based on claims of sentencing entrapment and sentencing manipulation for three principal reasons. First, this court has consistently declined to recognize the doctrines of sentencing entrapment and sentencing manipulation. Second, the defendant's sentencing entrapment claim is inconsistent with his guilty plea to count 10 of the indictment in which he admitted to the very fact on which his entrapment claims are based. And third, and perhaps most straightforwardly, the district court rejected as a matter of fact the defendant's sentencing entrapment claims and given the deferential standard of review, this court should affirm. The evidence that the district court relied on in rejecting, as a matter of fact, the defendant's claims was overwhelming. The district court found that the defendant had been a member of an al-Qaeda terrorist cell in Iraq and had participated in IED attacks there. With respect specifically to the Stinger missile, when the informant first suggested that the next weapons shipment might involve these kinds of missiles, the defendant responded that he had meant to ask about sending those kinds of missiles, and then he recounted his experience with those specific weapons systems in Iraq. The defendant also responded favorably to discussions about conducting attacks in the United States, including killing an army officer who was known to both the defendant and his co-defendant all along. And when those discussions took place, the defendant specifically recommended an adjustment to the tactics that they use in conducting that attack, and he recommended that in the event that they did do domestic attacks, that many things should take place and that it should be huge. The defendant made detailed admissions about his conduct as a member of al-Qaeda cell, both to the confidential source during the conduct and afterwards to the FBI. And then at the sentencing hearing, he confirmed on cross-examination that those accounts were true. He lied on the immigration forms in order to obtain admission to the United States. At sentencing, you said the district court rejected as a matter of fact the entrapment claim. What exactly would you point to in the sentencing colloquy that shows that the district court did that in terms of count 10 and the Stinger missile thing? Excuse me, Your Honor. The district court's sentencing findings are at page ID 700 to about 711. Right. It looked to me like it was pretty conclusory on the part of the district court. Page, for instance, ID 706. The court finds no sentencing entrapment evidence was sufficient to justify a downward departure. And I'm just wondering if there's something else that you would point to to show that the district court considered the ideas that your opponent is arguing that there was really no possibility of his client providing Stinger missiles or doing any of the other aspects that he pleaded guilty to in count 10. Okay. Your Honor, I don't think it's... First, with respect to sort of the first part of the question about specifically the Stinger missiles, on page ID 707, the district court finds that the defendant was familiar with Strelas, the Russian missile launchers, from his past experience with them in Iraq. And of course, he adopted the pre-sentence report, which recounts the dialogue that we discussed earlier, With respect to the defendant's capacity, I don't think it's the case that a defendant's lack of capacity without the opportunity provided by the government is a mitigating factor. It's routine in these kinds of investigations for the government to provide an opportunity for the defendant to commit a crime. And it's not sufficient for a defendant to show, without anyone else, I wouldn't have been able to carry out the offense. If the defendant is predisposed to commit the offenses, and if the government does not offer any improper inducements, then the defendant is still responsible for the conduct that he wanted to have take place. Okay, so you say lack of capacity is not a mitigating factor. Is there a case that you would rely on, or is it just sort of your principle that it shouldn't matter? Well, let me back up just a little bit. It's certainly not a defense to entrapment. The entrapment defense focuses on the inducement and the lack of predisposition. I wouldn't say that mitigation can never be, or I'm sorry, lack of capacity could never be a mitigating factor in the district court's application of its discretion under the Section 3553A factors. This individual is getting a life sentence, and he was a poultry factory worker, and he had no, according to your opponent, he had no ability to do any of this provision of Stinger missiles, et cetera. So what can we rely on, either from the district court saying explicitly, which is my first question to you, and you still haven't told me where, except this one thing about Strella, the Russian missile launchers. Where does the district court, or where do you get another court telling us that there's no mitigating factor here based on the inability of this poultry worker to provide missiles? Well, I think the district court's life sentence, the reasonableness of the life sentence is based on the defendant's conduct, relevant conduct prior to his coming to the United States, which involved actual conduct of terrorism, and the defendant was trained in how to use explosives. The defendant actually conducted attacks, and then in coming to the United States, the defendant lied about his involvement in those activities, and he reached out to another former member of his al-Qaeda cell in Iraq once he got here. And in those circumstances, the government is not required to wait around for these individuals to get together and to organize themselves and to come up with the resources necessary to conduct attacks. This defendant was willing to entertain the idea of doing attacks domestically here in the United States and to continue to send powerful weapons to his colleagues in al-Qaeda in Iraq at a time when U.S. troops were still engaged in combat in that country. So those are the factors that the district judge is relying on, as opposed to the sentence on page 707 that he was familiar with Strello's. Well, yes, I point it to that as a kind of specific, the district court's specific finding with respect to the claim about the Stinger missiles. I think the district court's more overall support for the life sentence is in the seriousness of the offense and the concern about protecting Americans from further crimes of the defendants and taking into account the relevant conduct not just of the defendant's conduct since he arrived in the United States, but his conduct previous to that that involved a long history that was admitted to in detailed admissions of actually carrying out attacks against U.S. troops in Iraq. I would read this transcript. The district court starts talking about the request for a downward departure for sentencing entrapment on page 699, and then the court goes through a whole bunch of factual findings about the record, and then we get back to the sentencing entrapment issue on page 706 where the court says he's going to assume that it would apply, and then he begins these findings that go through 707 and down pretty much the bottom of, close to the bottom of 707. I mean, I view that whole thing as being part and parcel of the discussion of why sentencing entrapment is not warranted in this situation. Mitigation based on that is not warranted in this situation. Am I reading the transcript consistently with the way you are? Because you seem to focus on this part that you and Judge Moore have been discussing. No, I read the transcript the way you do, Your Honor. I think the way that the district court made its ruling was exactly as how you described, beginning on about 699 of page ID and then a long history of the factual conduct as laid out in the pre-sentence report and as found by the district court, and that all of that conduct together shows that this defendant was dangerous and he had experience and he had skills in actually carrying out terrorist attacks. He was trained in the use of explosives. Just to be sure, that factual recitation also is directed to the justification ultimately for the life sentence. Yes, Your Honor. So it serves kind of dual purposes, but the entrapment discussion bookends basically both ends of it. That's how I read the transcript as well. And so I think the district court's conclusion that a life sentence was appropriate in this case, subject to deference, is well supported in this factual record based on the entire history of the defendant's conduct. If there are no further questions, I'll go. Judge Gibbons, I believe you hit precisely on the point that's probably before this court, and it is one that the district court did make substantial findings, but if you read the findings carefully, what you see is the district court applied the subjective and the objective standard to sentencing entrapment. Assuming it applies. Well, we need to know. Does it apply or doesn't it apply? And if it does apply, which is the standard? The subjective, the objective, or mix them both together? Is the district court just spontaneously making factual findings, or is he reading from the pre-sentence report? I didn't check this. He was actually reading, and I'm not sure he was reading from the pre-sentence report. He was reading from a document that he had prepared. So it was his own ruling. As far as I know, because we don't have access to that. Well, the reason I was asking was because if it was verbatim from the pre-sentence report, and he's reading from that, and there weren't any objections to the facts as stated in the pre-sentence report. Right. Now, it was not read verbatim from the pre-sentence report. He had prepared, obviously he had reviewed the pre-sentence report and prepared what he believed to be findings prior to being there. In any event, there was not a dispute about what had happened factually in the case. It's a dispute to the extent there would be a basis for sentencing entrapment if it applied. It would be a question of what inferences could be drawn from a set of undisputed facts. I believe that's correct, and which set of facts you should be looking at. Should you be looking at the defendant's conduct, or should you be looking at the government's conduct? And that's where the circuits are split. And it makes a huge difference because from what you read and what the government just recited, clearly the court was focusing on the defendant's conduct in large part, and then mixing it in with the government's conduct. And so it was applying both standards of sentencing entrapment all at the same time. But your opponent is arguing that it really isn't just looking at the government's conduct, it's looking at the defendant's conduct before he came to the U.S. Why is the government wrong on that? Because for purposes of sentencing entrapment, that would be the subjective approach, and it has nothing to do with his conduct before he came to the U.S. It has to do with his conduct prior to the offense. So he did bad things before he came to the U.S. Why isn't that relevant? Yeah. Why isn't that relevant? It could be relevant in an overall sentencing factor, but not relevant in a sentencing entrapment factor, and we disputed those facts. Having said that, it was where it was. But the district judge is the one to find the facts, and he has found the facts that there was very atrocious activity overseas. So why isn't that a relevant factor in deciding that this person should get a life sentence? It is, Your Honor. I would concede that it would be a relevant factor. I would note, however, my client left Iraq at age 18 as a high school student, and so while I understand the government's representations, I will not concede that they were not in dispute. Thank you. Thank you, Your Honor. Thank you both for your argument, and Mr. Earhart, I see that you were appointed pursuant to the Criminal Justice Act, and we thank you for your representation of your client. Thank you very much. The case will be submitted. Would the clerk call the...